[Civ. No. 18481. Second Dist., Div. Three. Dec. 27, 1951.]

MARY ANN SCHANAFELT, Respondent, v. SEABOARD FINANCE COMPANY (a Corporation), Appellant.

Bromley, Ritter & Lindersmith, A. G. Ritter and H. E. Lindersmith for Appellant.

Victor C. Rose and Alfred M. Klein for Respondent.

SHINN, P. J.—From a judgment after verdict awarding plaintiff $500 compensatory and $2,000 punitive damages for false imprisonment, and from an order denying a motion for judgment notwithstanding the verdict, defendant Seaboard Finance Company appeals. The only ground urged for reversal as to liability and also as to damages, is insufficiency of the evidence.

■ The evidence which tends to support the verdict may be summarized as follows: Plaintiff was delinquent on a furniture loan made by the main Los Angeles office of defendant Seaboard. Mr. Alexander, assistant manager of the Burbank office of defendant, undertook the task of either collecting the deficiency or repossessing the furniture. After unsuccessful efforts to contact plaintiff Alexander made arrangements with a neighbor to call him when anyone arrived at plaintiff's unoccupied house. In response to a telephone call from the neighbor, Alexander arrived at the home of plaintiff at 11 a.m. on June 2, 1949. He parked his automobile so as to block exit from plaintiff's driveway, was admitted to the house by plaintiff's mother and stated his business. Mrs. Schanafelt requested time in which to make the delinquent payments, and Alexander went with her next door where they telephoned the Los Angeles office of Seaboard. Mrs. Schanafelt talked with Alexander's superior officer and the extension of time was refused. Alexander then took the phone and was instructed to call a truck and repossess the furniture. On returning to the Schanafelt home, Alexander informed plaintiff that she must stay there until the truck arrived. His manner was abrupt and gruff. Plaintiff asked if she could leave and Alexander said she could not. Fearing the consequence of contrary action, Mrs. Schanafelt remained. There was no food in the house and although Mrs. Schanafelt complained of hunger Alexander made no offer to procure any for her, although he did get some next door for himself. She asked if she could leave to obtain food and Alexander told her she could not. The truck arrived, backed over plaintiff's lawn and took the furniture about 2:15 p.m. Alexander then left and Mrs. Schanafelt was free to leave the house.

■ Defendant contends that there was no evidence to show that Mrs. Schanafelt had her freedom of movement restrained in any way. This contention appears to be founded on the theory that there must be a restraint of liberty by active force in order to constitute false imprisonment. A person is

falsely imprisoned if he is wrongfully deprived of his freedom to leave a particular place by the conduct of another. Although Alexander did not physically restrain plaintiff his conduct effectively prevented her from leaving the house as she desired to do. The house was at the time unoccupied and Mrs. Schanafelt and her mother, who were there only to collect some personal belongings, had completed their work and were ready to leave shortly after Alexander arrived. Their only means of transportation was by automobile and Alexander had parked his car across the driveway for the obvious purpose of blocking exit. Plaintiff concluded from Alexander's attitude that he would not move the car if requested to do so. Plaintiff was pregnant at the time and especially fearful because of her condition, which was known to Alexander. Alexander's conduct, in the light of his motives, was clearly sufficient to support a finding of false imprisonment. Words or conduct furnishing a reasonable apprehension on the part of the one restrained that he will not be allowed to depart is sufficient. (35 C.J.S., p. 511; *Vandiveer* v. *Charters,* 110 Cal. App. 347 [294 P. 440].)

Defendant further contends that no pecuniary damage was shown and thus the $500 award of compensatory damage was unwarranted. Plaintiff testified she was made nervous and upset by the experience. She had previously lost a child prematurely and experienced great anxiety over possible loss of another as a result of the imprisonment. Such extreme anxiety or emotional distress is recognized in false imprisonment cases as one of the elements of the damage caused by the tortious act. (*Emden* v. *Vitz,* 88 Cal.App.2d 313 [198 P.2d 696]; Rest., Damages, § 905, comment (b), p. 543.) The award of compensatory damages was reasonable and is amply supported by the evidence.

The award of $2,000 punitive damages is challenged upon the ground that no malice was shown and it was not shown that Alexander's conduct was either authorized or ratified by defendant corporation. Section 3294 of the Civil Code provides for punitive damages where defendant has been guilty of oppression. The jury was properly instructed on this subject. The evidence was sufficient to prove that the conduct of Mr. Alexander was oppressive and would have sustained an award of punitive damages against him. It was also sufficient as against the corporation. Alexander was authorized to take necessary means to repossess the furniture. He testified that all that he did was in the usual performance

of his duties and was expressly authorized by his employer. He admitted having told plaintiff to remain in the house until the truck came, his explanation being that he wished her to check the articles as they were taken out. Her restraint was deliberate and to serve his purpose and convenience. If this was his customary practice it must have been known to and authorized by those who dictated the collection policies of the corporation. Moreover, it could have been inferred that Alexander was acting under express instructions received over the telephone when he called his superiors. The award of $2,000 exemplary damages was not excessive. (*Farvour* v. *Geltis*, 91 Cal.App.2d 603 [205 P.2d 424].)

The judgment and order denying defendant's motion for judgment notwithstanding the verdict are affirmed.

Wood (Parker), J., concurred.

Vallée, J., being disqualified, did not participate.

Appellant's petition for a hearing by the Supreme Court was denied February 21, 1952.