777 F.2d 462
 39 Fair Empl.Prac.Cas. 764,
38 Empl. Prac. Dec. P 35,777
Sherman HADDOCK, Plaintiff/Appellant,
v.
BOARD OF DENTAL EXAMINERS OF CALIFORNIA, Lawrence A.
Puccinelli, David W. Hamrock, Edward J. Hoefling, Knud
Flygenring, Takeyasu, J. Frisch, David Maudsley, Thomas M.
Stewart, Helyn C. Luechauer, Marlene Schultz, Peter Young,
Jr., Paul F. Senise, Kent Madsen, Adkins, Shirley J. Bailey,
Defendants/Appellees.
 No. 83-6127.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Aug. 6, 1985.
Decided Nov. 26, 1985.
 
 Sherman Haddock, pro. per.
 Stephen A. Mills, Los Angeles, Cal., for defendants-appellees.
 Appeal from the United States District Court for the Central District of California.
 Before ANDERSON, BEEZER, and BRUNETTI, Circuit Judges.
 J. BLAINE ANDERSON, Circuit Judge:
 
 
 1
 This case raises the question of whether the licensing activities of the appellee Board of Dental Examiners of the State of California (hereinafter "the Board") come within the terms of Title VII of the Civil Rights Act of 1964, as amended in 1972, 42 U.S.C. Sec. 2000e et seq. (hereinafter "the Act"). The appellant, a black male, claims that the Board intentionally lowered his dental examination scores and refused to issue him a license because he is black,[1] in violation of Title VII and the equal protection clause of the Fourteenth Amendment. The district court dismissed the case with prejudice for lack of jurisdiction. We affirm in part, reverse in part, and remand.
 
 I. THE FACTS
 
 2
 On June 17, 1980, appellant Haddock took the California dental examination. He failed to achieve a passing score on the examination[2] and his application for a license to practice dentistry was denied by the Board. Haddock brought his original action in the district court. On May 27, 1983, the Board moved to dismiss Haddock's action for lack of jurisdiction. The motion was set for hearing on August 1, 1983.
 
 
 3
 On June 20, 1983, the district court held a hearing on Haddock's motions for appointment of counsel and enlargement of time in which to file his complaint. Both motions were denied. However, the district court did grant the Board's motion to dismiss for lack of jurisdiction. The hearing on that motion was not scheduled until August 1, 1983, and Haddock expressly objected that he needed time to adequately oppose the motion. The district court based its dismissal on Haddock's failure to file a timely charge with the Equal Employment Opportunity Commission (EEOC), for failure to show an amount in controversy over $10,000, and on the ground that the Board is not classified as an employer under Title VII.
 
 II. DISCUSSION
 
 4
 We find that Title VII, by its own terms, does not apply to the Board of Dental Examiners. The Board is neither an "employer," an "employment agency," nor a "labor organization" within the meaning of the Act. See Woodard v. Virginia Bd. of Bar Examiners, 598 F.2d 1345, 1346 (4th Cir.1979) (per curiam) (The Virginia Board of Bar Examiners is not an employer within the meaning of the Act); Tyler v. Vickery, 517 F.2d 1089, 1096 (5th Cir.1975), cert. denied, 426 U.S. 940, 96 S.Ct. 2660, 49 L.Ed.2d 393 (1976) (The Georgia Board of Bar Examiners is not an employer within the meaning of the Act); National Org'n for Women v. Waterfront Com'n, 468 F.Supp. 317, 320 (D.C.N.Y.1979) (licensing agency not an employer).
 
 
 5
 The provision of Title VII defining employer is as follows:
 
 
 6
 The term "employer" means a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such a person....
 
 
 7
 42 U.S.C. Sec. 2000e(b).
 
 
 8
 A simple reading of this definition suffices to demonstrate that it is not intended to apply to the kind of licensing activity in which the Board engages. In its licensing role, the Board neither pays the wages nor engages the services of the examinees. More specifically, there is no employer-employee relationship between the Board and Haddock. Haddock conceded during oral argument before this court that he wasn't "seeking employment with the Dental Board of Examiners [sic].... I'm not claiming that they are my employer."
 
 
 9
 An analysis of the legislative history of the Act supports the conclusion that the Board is not an employer with respect to the persons taking the dental licensing exam. When Title VII was originally enacted, state governments and their subdivisions were exempted from the provisions of Title VII. However, in 1972 this exemption was removed by the deletion of language that excluded "a state or political subdivision thereof" from the definition of "employer." The legislative history in no way suggests that Congress, in removing the exemption for state government "employers," intended to benefit anyone other than those actually employed by state governments or their subdivisions. National Org'n for Women, 468 F.Supp. at 320. While supporters of the bill, in committee reports and debates, repeatedly referred to the approximately ten million nonfederal government jobs that would be affected by the expanded coverage,[3] the history is barren of any reference to either state licensing agencies or the many persons licensed by them. Id.
 
 
 10
 Therefore, the district court properly dismissed the claims arising under Title VII.[4] However, our conclusion that the Board's licensing activities are beyond the reach of Title VII does not wholly insulate those activities from charges of discrimination. Haddock should be allowed to pursue his claims under Sec. 1983 and the equal protection clause of the Fourteenth Amendment.
 
 
 11
 Haddock does not refer to 42 U.S.C. Sec. 1983 in his complaint, and mentions the Fourteenth Amendment only briefly. Furthermore, he relies exclusively on Title VII on appeal. However, a complaint should not be dismissed if it states a claim under any legal theory, even if the plaintiff erroneously relies on a different legal theory. United States v. Howell, 318 F.2d 162, 166 (9th Cir.1963). Moreover, a pro se civil rights complaint should be liberally construed, and should not be dismissed unless it appears certain that the plaintiff can prove no set of facts which would entitle him or her to relief. Haines v. Kerner, 404 U.S. 519, 520-21, 92 S.Ct. 594, 595-96, 30 L.Ed.2d 652 (1972) (per curiam). Liberally construed, Haddock's complaint does state a claim for relief. He essentially alleges that the Board, a state agency, intentionally denied him a dental license because of his race. Although we intimate no view whatever on the merits of Haddock's allegations, we conclude that he is entitled to an opportunity to offer proof. The district court erred by dismissing Haddock's action without such an opportunity. This is especially true in light of the district court's dismissal of the action prior to the time the motion to dismiss had been scheduled to be heard and in the face of an express objection by Haddock based on his need for time to adequately oppose the motion. We remand this case to allow Haddock the opportunity to pursue his claims under 42 U.S.C. Sec. 1983 and the equal protection clause of the Fourteenth Amendment.
 
 
 12
 The parties shall bear their own costs on appeal.
 
 
 13
 AFFIRMED in part, REVERSED in part, and REMANDED.
 
 
 
 [1]
 Haddock generally alleged that the Board discriminated against him on the basis of race, color, sex, and national origin. His essential complaint, however, appears to be that the Board denied him a license because he is black
 
 
 [2]
 Haddock alleged that he took, and failed, the dental examination five times prior to June 17, 1980. However, he alleged specific discriminatory conduct only with regard to the June 17, 1980 examination
 
 
 [3]
 See, e.g., H.R.Rep. No. 238, 92d Congr., 1st Sess., reprinted in 1972 U.S.Code & Ad.News 2137, 2152; 118 Cong.Rec. S1815 (daily ed. Jan. 31, 1972) (statement of Sen. Williams); 118 Cong.Rec. S1839-40 (daily ed. Jan. 31, 1972) (statement of Sen. Javits)
 
 
 [4]
 The district court erroneously characterized its ruling that the Board is not classified as an employer under Title VII as a dismissal for lack of jurisdiction. This ruling is more accurately characterized as a dismissal for failure to state a claim under Title VII. See Black v. Payne, 591 F.2d 83, 86, n. 1 (9th Cir.1979). However, we may affirm the district court on any basis fairly supported by the record. City of Las Vegas v. Clark County, 755 F.2d 697, 701 (9th Cir.1985)
 Because our finding that the Board is not an employer is a sufficient ground to affirm the district court's dismissal of the Title VII claim, we do not reach the issues of timely filing with the EEOC or jurisdictional amount in controversy.