Daniel KRAJCA; Alan Mitchell, as Guardian Ad Litem of Connie Mitchell, an Adult Incompetent; and Alan Mitchell, Plaintiffs,

v.

SOUTHLAND CORPORATION, Defendants.

No. CV–S–02–0071–PMP (LRL).

United States District Court, D. Nevada.

April 24, 2002.

Herbert Sachs, Las Vegas, NV, for Plaintiffs.

Richard Pocker, Las Vegas, NV, John M. Pearce, Marc H. Lamber, Phoenix, AZ, for Defendants.

## ORDER

PRO, District Judge.

Presently before this Court are two motions. Defendant Southland Corporation ("Southland") filed Defendant's (1) Rule 12(b)(6) Motion to Dismiss and (2) Request for Attorneys' Fees, Costs, and Expenses Under 28 U.S.C. § 1927 (Doc. # 3) on January 15, 2002. Plaintiffs Daniel Krajca ("Krajca") and Connie Mitchell[1] ("Mitchell") filed an Opposition (Doc. # 6) on January 29, 2002. Southland filed Defendant's Errata to Defendant's (1) Rule 12(b)(6) Motion to Dismiss and (2) Request for Attorneys' Fees, Costs and Expenses Under 28 U.S.C. § 1927 (Doc. # 7) on

---

1. Alan Mitchell is proceeding as guardian ad litem for Connie Mitchell.

January 29, 2002.[2] Finally, Southland filed a Reply (Doc. # 9) on February 11, 2002.

Plaintiffs Krajca and Mitchell filed a Motion to Remand (Doc. # 5) on January 28, 2002. Southland filed an Opposition(Doc. # 10) on February 12, 2002. Southland also filed Defendant's Errata to Defendant's Response in Opposition to Plaintiffs' Motion to Remand (Doc. # 11) on February 13, 2002. Plaintiffs filed no Reply.

## I. BACKGROUND

Plaintiff Mitchell was a franchisee of Southland Corporation, and Plaintiff Krajca was an employee and manager of the Seven–Eleven franchise owned by Mitchell as the franchisee and tenant of Southland. (Def.'s Notice of Removal to United States District Ct. [hereafter "Notice of Removal"], Ex. A, Complaint, ¶¶ 1–2.) Sometime in 1989, Mitchell and Krajca began to complain to Southland about offensive odors present in the store. (*Id.* ¶ 5.) Mitchell and Krajca allege that Southland did not attempt to resolve the problem. (*Id.* at ¶ 13.)

As a result of the odors, Mitchell and Krajca filed suit in state court against Southland for various contract and tort claims, including nuisance and constructive eviction. (Defs.' Mot. to Dismiss, Ex. A, 1998 Complaint.) Defendant Southland removed the action to federal court. The Court granted Southland summary judgment on statute of limitations grounds. (Defs.' Mot. to Dismiss, Ex. B, Order at 3–

4.) Mitchell and Krajca appealed this determination; the appeal is pending.[3] (Notice of Removal, at 3.)

On December 6, 2001, Mitchell and Krajca filed the present action in state court against Defendant Southland, alleging nuisance and constructive eviction claims. (Notice of Removal, Ex. A, 2001 Complaint.) Southland removed the case to this Court. (Notice of Removal.)

## II. MOTION TO REMAND

### A. LEGAL STANDARD

Removal jurisdiction under 28 U.S.C. § 1441(a) gives federal district courts original jurisdiction over "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." Federal district courts have original jurisdiction over civil actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of different States." 28 U.S.C. § 1332. Remand is a proper remedy if the federal court lacks subject matter jurisdiction, or if a case is otherwise improperly removed. 28 U.S.C. § 1447. "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus,* 980 F.2d at 566 (citing *Libhart v. Santa Monica Dairy Co.,* 592 F.2d 1062, 1064 (9th Cir.1979)).

Because of a strong presumption against removal, "the defendant always has the burden of establishing that removal is

---

**2.** The Errata filed by Southland only made one change to the Rule 12(b)(6) Motion to Dismiss (Doc. # 3). Specifically, Southland asserted that the title "Defendant's (1) Rule 12(b)(6) Motion to Dismiss and (2) Request for Attorneys' Fees, Costs, and Expenses Under 28 U.S.C. § 1927" was incorrect. Southland re-named the pending motion "Defendant's Rule 12(b)(6) Motion to Dismiss."

**3.** The title of the case on appeal is *Daniel Krajca, Alan Mitchell, as Guardian Ad Litem of Connie Mitchell, and Adult Incompetent, and Alan Mitchell, Plaintiffs–Appellants v. Southland Corporation, Defendant–Appellee,* DC # CV–S–99–0020–JBR (RLH).

proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir.1992) (citing *Nishimoto v. Federman–Bachrach and Assocs.*, 903 F.2d 709, 712 n. 3 (9th Cir.1990); *Emrich v. Touche Ross and Co.*, 846 F.2d 1190, 1195 (9th Cir.1988)). *See also Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir.1997) ("Where the complaint does not demand a dollar amount, the removing defendant bears the burden of proving by a preponderance of evidence that the amount in controversy exceeds [the jurisdictional minimum]."). "If it is *unclear* what amount of damages the plaintiff has sought ... then the defendant bears the burden of actually proving the facts to support jurisdiction, including the jurisdictional amount." *Gaus*, 980 F.2d at 566–67 (emphasis in original).

## B. DISCUSSION

Mitchell and Krajca filed a Motion to Remand the present action, arguing that Southland has not met its burden of showing that the amount in controversy is greater than $75,000. Mitchell and Krajca also contend that the United States District Court for the District of Nevada remanded *Ronald Trembone v. Seven–Eleven Inc., et al,* CV–S–00–0218–DWH–RJJ, which they argue is similar to the case at bar. (Def.'s Errata to Def.'s Response in Opp. to Pls.' Mot. to Remand, Ex. A, Order [hereinafter "*Trembone* Decision"].)

In response, Southland argues that Plaintiffs' settlement letters, as well as the discovery responses they provided, clearly show that the amount in controversy exceeds $75,000. Southland also argues that the *Trembone* case is distinguishable from the present action.

■ Southland has the burden to prove that the amount in controversy exceeds $75,000. *Gaus*, 980 F.2d at 566–67. Southland has met its burden. Mitchell's and Krajca's Complaint, originally filed in state court, merely pleads damages "in excess of $10,000.00," in accordance with Nevada Rule of Civil Procedure 8(a). The Complaint alleges damages "in excess of $10,000.00" for the nuisance claim as well as for the constructive eviction claim, so overall, the Complaint only alleges damages in excess of $20,000.00.

Southland has provided evidence that the amount in controversy is much greater than $20,000, however. First, a settlement letter from Jack Ferm for Herbert Sachs, Plaintiffs' counsel, states:

1. Upon inquiry we have determined that the franchised store has a residual value of $450,000.00 plus the inventory, our clients have agreed to accept this figure as to the store and its inventory only.

2. Connie Mitchell and Alan Mitchell.... The Mitchell's [sic] have agreed to accept $5,000,000.00 plus a prepaid medical insurance policy covering both Connie and her family.

3. Dan Krajca .... Mr. Krajca has agreed to accept $3,000,000.00 in settlement of all claims plus a prepaid health insurance policy for himself and his family....

(Def.'s Mot. to Remand, Ex. C, Oct. 11, 1998 letter from Jack Ferm to Art Rubinette and Bill Nolan.) A settlement letter is relevant to determining the amount in controversy if it "appears to reflect a reasonable estimate of the plaintiff's claim." *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir.2002). *See also Del Real v. Healthsouth Corp.*, 171 F.Supp.2d 1041, 1043 (D.Ariz.2001) ("[M]any courts have ruled that even if initial pleadings in a case do not support the amount in controversy requirement for diversity jurisdiction, defendants may use a variety of documents, including a written settlement demand, as

'other paper,' to determine if the case is removable.") (citing sources). Plaintiffs Krajca and Mitchell do not claim that the settlement letter inflated damages or is otherwise incorrect. Indeed, Krajca's and Mitchell's lone argument in their Motion to Remand is that "Defendants have failed to show or demonstrate that the claim of plaintiff will exceed $75,000 in damages." (Pls.' Mot. to Remand, at 2.) Krajca and Mitchell provide no explanation nor evidence with respect to this statement. Clearly, the settlement letter indicates that more than $75,000 in damages is at issue in the present action.

Further, in response to Southland's third set of interrogatories, both Mitchell and Krajca claimed damages in excess of $75,000. (Def.'s Notice of Removal to U.S. District Ct., Ex. D, Addendum of Pls.' to Def.'s Third Set of Interrogs., at 2.) Specifically, Krajca claims $807,500.00 for loss of earnings. (*Id.*) Mitchell claims the expenses related to medical and hospital bills, as well as $1,487,500.00 for lost profits and a loss of $450,000.00 for the value of the store. (*Id.*) These numbers are well over the $75,000 jurisdictional minimum, and the amount in controversy requirement is satisfied.

Finally, the reasoning of the *Trembone* decision does not apply here. In *Trembone*, the court rejected the use of the plaintiff's demand letter to determine the amount in controversy. (*Trembone* Decision, at 4.) The *Trembone* court reasoned that "it is not the settlement value of a case that determines whether the jurisdictional amount is in controversy." (*Id.*) (citing *Jackson v. American Bankers Ins. Co. of Fla.*, 976 F.Supp. 1450, 1454 (S.D.Ala.1997)). Since the *Trembone* court rendered its decision in April of 2000, however, the Ninth Circuit decision in *Cohn v. Petsmart, Inc.*, clarified the law with respect to the use of settlement letters as

probative of the amount in controversy. 281 F.3d 837 (9th Cir.2002). *Cohn* clearly states that settlement letters are probative of the amount in controversy. *Id.* at 840.

The *Trembone* court also addressed the use of discovery responses as probative of the amount in controversy, but this part of the *Trembone* court's ruling is equally inapplicable to the case at bar. In *Trembone*, the court reasoned that the discovery responses were not probative of the amount in controversy because they indicated lost earnings and lost profits of two people other than the plaintiff Trembone. Here, by contrast, the responses at issue directly state the alleged losses of Krajca and Mitchell themselves.

As a result, this Court has jurisdiction, and Plaintiffs' Motion to Remand should be denied.

## III. MOTION TO DISMISS

### A. LEGAL STANDARD

In considering a motion to dismiss, this Court must presume all well-pleaded allegations of material fact and must draw all reasonable inferences in favor of the non-moving party. *Knevelbaard Dairies v. Kraft Foods, Inc.*, 232 F.3d 979, 984 (9th Cir.2000). However, the Court is not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 231 F.3d 520, 527–28 (9th Cir.2000). There is a strong presumption against dismissing an action for failure to state a claim. *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir.1997). The issue is not whether Plaintiff will ultimately prevail, but whether he may *offer* evidence in support of his claims. *Davis v. Monroe County Bd. of Educ.*, 526 U.S. 629, 654, 119 S.Ct. 1661, 143 L.Ed.2d 839 (1999) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974)).

Consequently, the Court may not grant a Motion to Dismiss for failure to state a claim "unless it appears beyond doubt that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

The liberal rules of notice pleading set forth in the Federal Rules of Civil Procedure do not require a plaintiff to set out in detail the facts supporting his claim. *Yamaguchi v. United States Dep't of the Air Force,* 109 F.3d 1475, 1481 (9th Cir. 1997) (quoting *Conley,* 355 U.S. at 47, 78 S.Ct. 99). All the Rules require is a "short and plain statement" that adequately gives the defendant "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Yamaguchi,* 109 F.3d at 1481. Therefore, a plaintiff merely must plead sufficiently to "establish a basis for judgment against the defendant." *Id.* at 1481. Further, a claim is sufficient if it shows that the plaintiff is entitled to any relief which the court can grant, even if the complaint asserts the wrong legal theory or asks for improper relief. *Haddock v. Board of Dental Exam'rs,* 777 F.2d 462, 464 (9th Cir.1985).

## B. DISCUSSION

### 1. The Parties' Arguments

Southland has brought a Motion to Dismiss, claiming that res judicata as a result of the first lawsuit bars Mitchell and Krajca from going forward with the present action. Mitchell and Krajca argue that res judicata is not a bar to the current action because the claims for constructive eviction and nuisance were made prematurely in the first action. Mitchell and Krajca also argue that Southland is inconsistent in its arguments; Mitchell and Krajca assert that Southland may not maintain a res judicata argument in the present · case while asserting that the Plaintiffs did not adequately pursue their claims in the first case.

### 2. Res Judicata

"In order to bar a later suit under the doctrine of res judicata, an adjudication must (1) involve the same 'claim' as the later suit, (2) have reached a final judgment on the merits, and (3) involve the same parties or their privies." *Nordhorn v. Ladish Co.,* 9 F.3d 1402, 1403 (9th Cir. 1993) (citing *Blonder–Tongue Laboratories v. University of Ill. Found.,* 402 U.S. 313, 323–24, 91 S.Ct. 1434, 28 L.Ed.2d 788 (1971)). The doctrine of res judicata, also referred to as "claim preclusion," serves as a bar to "all grounds for recovery which could have been asserted, whether they were or not, in a prior suit between the same parties (or their privies) on the same cause of action . . . ." *Ross v. IBEW,* 634 F.2d 453, 457 (9th Cir.1980).

### a. The Present Adjudication Involves the "Same Claim" as Was Involved in the Previous Lawsuit

With respect to the question of whether or not two cases involve the same "claim," the Ninth Circuit employs a four-part test. Specifically, the Ninth Circuit asks:

(1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts.

*Costantini v. Trans World Airlines,* 681 F.2d 1199, 1201–02 (9th Cir.1982) (citing *Harris v. Jacobs,* 621 F.2d 341, 343 (9th Cir.1980)). Whether or not "the two suits arise out of the·same transactional nucleus

of facts" is the most important criterion. *Costantini*, 681 F.2d at 1202 (citing *Harris*, 621 F.2d at 343).

Comparing the present case to the first case brought by Krajca and Mitchell against Southland, all four of the *Costantini–Harris* requirements are met. Taking the last of the factors first, both of Krajca's and Mitchell's lawsuits "arise out of the same transactional nucleus of facts." Both the 1998 Complaint and the 2001 Complaint allege many of the same facts in the "Allegations Common to All Counts" sections. For example, both the 1998 Complaint and 2001 Complaint allege that in 1989, Plaintiffs Mitchell and Krajca began to complain to Southland about "obnoxious" fumes and odors in the store. (1998 Compl. ¶ 7; 2001 Compl. ¶ 5.) Both Complaints further allege that as of June 1993, Connie Mitchell was unable to return to the store because she was "so ill from the effects of the odor and chemical ingredients," (1998 Compl. ¶ 8; 2001 Compl. ¶ 6.), and that as a result of the odors, Daniel Krajca has suffered from "membrane irritation, protracted respiratory problems ... nasal polyps, headaches, fatigue, dizziness." (1998 Compl. ¶ 19; 2001 Compl. ¶ 16.) Both Complaints allege that between October 10, 1995, and January 8, 1996, Southland "stated that they [sic] had no interest in repairing the problem or in further investigation, and in fact did nothing to ascertain the cause of and/or cure

the problem." (1998 Compl. ¶ 15; 2001 Compl. ¶ 13.) Finally, both Complaints allege claims for nuisance (1998 Compl. ¶¶ 32–37; 2001 Compl. ¶¶ 22–29), as well as for constructive eviction.[4] (1998 Compl. ¶¶ 58–61; 2001 Compl. ¶¶ 30–34.) Clearly, the same underlying facts that were crucial to the 1998 lawsuit are similarly crucial to the present lawsuit.

The first, second, and third prongs of the *Costantini–Harris* test are also met. The first prong is met because the "rights and interests established in the prior judgment would be destroyed or impaired by prosecution of the second action ...." *Costantini*, 681 F.2d at 1201–02. The first action brought by Mitchell and Krajca against Southland was dismissed on statute of limitations grounds. Southland in particular has an interest in the finality of that judgment, and entertaining the present action would unnecessarily impair that interest. The similarities between the two Complaints indicate that the same evidence as was presented in the initial action would also be necessary to a disposition of the present action, satisfying the second prong of the *Costantini–Harris* test. Finally, with respect to the third prong of the *Costantini–Harris* test, both suits do "involve infringement of the same right." *Costantini*, 681 F.2d at 1202. Mitchell and Krajca brought the same constructive eviction and nuisance claims in both suits.[5]

---

4. Several other similarities exist between the two Complaints. The examples are representative, not exhaustive.

5. Mitchell and Krajca argue that they brought the constructive eviction and nuisance claims prematurely in the first action. Because of this, they conclude that bringing the two claims in the first action cannot serve to bar the present action. Upon deciding that the claims were brought prematurely in the 1998 action, however, Mitchell and Krajca could have included those claims as supplemental claims once the claims matured. In their

Opposition to Motion to Dismiss, Mitchell and Krajca admit that "the issue of the Constructive Eviction was premature, and in December, 1998, three months after the complaint was filed, the issue became ripe to include as a supplemental claim. No supplemental claim was filed or pursued in that litigation." (Pls.' Opp. to Mot. to Dismiss, at 1–2.) The decision not to pursue the constructive eviction and nuisance claims—despite the opportunity to do so—does not mean that Mitchell and Krajca can bring the claim now.

### b. The Previous Adjudication was Final and On the Merits

The first lawsuit did result in a final adjudication on the merits; the lawsuit was dismissed on statute of limitations grounds. The fact that Krajca and Mitchell are appealing the judgment in the first case does not change the preclusive effect of that judgment. *Tripati v. Henman*, 857 F.2d 1366, 1367 (9th Cir.1988) ("The established rule in the federal courts is that a final judgment retains all of its res judicata consequences pending decision of the appeal ....") (quoting 18 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* §§ 4433, at 308 (1981)).

### c. The Previous Adjudication Involved the Same Parties

Both suits were brought by (or on behalf of) Daniel Krajca and Connie Mitchell against Southland Corporation. Thus, the same parties are involved in both suits, and the final requirement for a res judicata bar is met. As a result, the Motion to Dismiss should be granted.

## IV. CONCLUSION

IT IS THEREFORE ORDERED that Plaintiffs Alan Mitchell, guardian ad litem for Connie Mitchell, and Daniel Krajca's Motion to Remand (Doc. # 5) is DENIED.

IT IS FURTHER ORDERED that Defendant Southland's Motion to Dismiss (Doc. # 3) is hereby GRANTED.

IT IS FURTHER ORDERED that Plaintiffs Alan Mitchell, guardian ad litem for Connie Mitchell, and Daniel Krajca's claims for relief are hereby DISMISSED.