Denise E. PEREZ, Plaintiff,

v.

**TELECHECK SERVICES, INC., et al., Defendants.**

**No. CV–S–01–1331–LRH–LRL.**

United States District Court, D. Nevada.

May 7, 2002.

Mitchell Gilner, Las Vegas, NV, for plaintiff.

Richard Pyatt, Las Vegas, NV, for defendants.

*AMENDED ORDER*

HICKS, District Judge.

## I. INTRODUCTION

This case involves the Federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (FDCPA). Plaintiff's complaint alleges violations of the FDCPA. On December 21, 2001, Defendant filed a 12(b)(6) Motion to Dismiss (# 3) for failure to state a claim upon which relief can be granted. This order amends a previous order (# 11) entered by this Court on April 29, 2002 that included two typographical errors. The amended order is substantively identical.

## II. FACTUAL AND PROCEDURAL BACKGROUND

In September, 1998, Plaintiff wrote a check to a local grocery store without having sufficient funds in her account to cover the obligation. On January 4, 1999, Plaintiff repaid the balance owed to the grocery store, along with a fifteen dollar ($15) fee.

Plaintiff's complaint, filed on November 9, 2001 alleges violations of the FDCPA and a state law claim of invasion of privacy. To support the first Count, the Plaintiff alleges that on September 25, 1998, January 7, 1999, and January 20, 1999, the Defendant "illegally placed 3 checks for deposit against Plaintiff's WestStar Account," without authorization from the Plaintiff. (Complaint, ¶¶ 17, 18). Also according to Plaintiff's complaint, she notified the Defendant in a letter about the fact that she had paid the debt and had not authorized any transfers. (Exhibit 4, Complaint, ¶ 21). "In September of 2001, WalMart declined Plaintiff's check based on a report from the Defendant of an 'outstanding' 1998 check in the amount of $128.77 . . . ." (Complaint, ¶¶ 23, 24). Because of this episode at WalMart, Plaintiff claims her "excruciating back pain was exacerbated by the equally excruciating embarrassment suffered by public comments relating to the declination of her credit." (Plaintiff's Opposition, p. 3, lines 8–10).

Defendant filed a Motion to Dismiss pursuant to Fed.R.Civ.P. 12(b)(6), arguing that the one-year statute of limitations supplied by 15 U.S.C. § 1692k(d) barred both causes of action. More specifically, the last alleged violation took place on January 20, 1999, so that the complaint was filed close to 21 months after the statute of limitations had run. Regardless, according to the face of the complaint, the statute of limitations bars any claims based on actions taken prior to November 9, 2000.

In Plaintiff's Opposition (# 7), she admits that the Defendant's alleged actions in late 1998, and early 1999 are "inactionable." (Plaintiff's Opposition, p. 2, lines 11–12). However, Plaintiff contends that the September 19, 2001 impartation from the Defendant to WalMart constitutes the actionable component of the litigation under 15 U.S.C. § 1692k(d), and allegedly violates 15 U.S.C. § 1692e(8). (Plaintiff's Opposition, p. 3, lines 10–12)

Defendant's Reply (# 8), filed on February 1, 2002, reiterates that the only part of

Plaintiff's complaint that states a cognizable action under 15 U.S.C. § 1692e, is the September episode at WalMart. (Defendant's Reply, p. 1, lines 22–24). As to this episode, the Defendant contends that the communication between it and WalMart does not constitute debt collection nor does it constitute a communication at all under section 1692e. Instead, according to the Defendant, the communication took place in 1998 or early 1999 when the Defendant reported the Plaintiff's bad check to various credit reporting agencies. As a result, the information imparted by Defendant to WalMart was nothing more than Plaintiff's credit report information. (Defendant's Reply, p. 2, lines 18–22). Defendant also argues that any action taken by the Defendant is not a FDCPA violation, rather it could only be alleged as a Federal Credit Reporting Act (FCRA) violation, which would be time-barred as well. (Defendant's Reply, p. 3–4). Plaintiff then filed a Motion to File a Surreply and the Surreply itself wherein she argues Defendant misunderstood the FCRA, and that regardless, her claim is brought pursuant to the FDCPA in which the FCRA's statute of limitations period is irrelevant. (Plaintiff's Surreply (# 10)).

## III. ANALYSIS

### i. Motion to Dismiss

To resolve a Rule 12(b)(6) motion, the court must (1) construe the complaint in the light most favorable to the plaintiff; (2) accept all well-pleaded factual allegations as true; and (3) determine whether plaintiff can prove any set of facts to support a claim that would merit relief. *See Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th cir.1996). There is a strong presumption against dismissing an action for failure to state a claim, *see Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir.1997). The liberal rules of notice pleading set forth in the Federal Rules of Civil Procedure do not require a plaintiff to set out in detail the facts supporting his claim. *Yamaguchi v. United States Dept. of the Air Force*, 109 F.3d 1475, 1481 (9th Cir.1997) (quoting *Conley*, 355 U.S. at 47, 78 S.Ct. 99). All the Rules require is a short and plain statement that adequately gives the defendant fair notice of what the plaintiffs claim is and the grounds upon which it rests. *Yamaguchi*, 109 F.3d at 1481. Therefore, a plaintiff merely must plead sufficiently to establish a basis for judgment against the defendant. *Id.* at 1481. Further, a claim is sufficient if it shows that the plaintiff is entitled to any relief which the court can grant, even if the complaint asserts the wrong legal theory or asks for improper relief. *Haddock v. Bd. of Dental Examiners of Cal.*, 777 F.2d 462, 464 (9th Cir.1985).

### ii. FDCPA

■ The purpose of 15 U.S.C. § 1692, is to "eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692; *See Romine v. Diversified Collection Services, Inc.*, 155 F.3d 1142, 1149 (9th Cir.1998). Under 15 U.S.C. § 1692e, "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." One such violation of the statute is "[c]ommunicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed." 15 U.S.C. § 1692e(8). Ultimately, Plaintiff's argument rests on section 1692e(8).

Section 1692e(8) requires a "debt collector" to disclose the fact that a debt is

disputed to "persons inquiring about a consumer's credit history." *Brady v. Credit Recovery Co., Inc.,* 160 F.3d 64, 67 (1st Cir.1998). Neither party disputes the Defendant is a debt collector under the definition of the FDCPA.[1] The face of Plaintiff's complaint states that Defendant communicated inaccurate information, presumably from Plaintiff's credit report, to a third-party, on September 19, 2001, an actionable offense under the FDCPA.

Defendant attacks Plaintiff's argument on the grounds that on September 19, 2001, the Defendant was not engaged in the "collection of any debt" per section 1692(e)(8); and the only "communication" covered by the FDCPA came in 1998 when Defendant reported the check to the credit agencies. This Court is not persuaded with either of Defendant's arguments.

 While Defendant argues it was not engaged in debt collection, it is important to note that section 1692e(8) "does not affect debt collection practices at all. Instead, § 1692e(8) merely requires a debt collector who knows or should know that a given debt is disputed to disclose its disputed status to persons inquiring about a consumer's credit history." *Brady,* 160 F.3d at 67 (comparing section 1692g(b) to 1692e(8) in deciding whether 1692e(8) requires a writing to dispute a debt). Walmart apparently uses the Defendant to gain information about a person's credit history. In divulging this information, Defendant had every reason to know the debt in question was disputed as Plaintiff wrote Defendant in early 1999 stating as much. (Exhibit 4, Complaint, ¶ 21). Moreover, the Defendant was actively engaged in transmitting information from the Plaintiff's credit report to Walmart, which con-

stituted a "communication" under section 1692e(8). The fact that Defendant does not maintain the credit report itself, but instead, obtains the information from another entity is irrelevant.

Therefore, when faced with a Motion to Dismiss, the Court must ask whether the Plaintiff has proven or could prove a set of facts that would support her claim that Defendant violated the FDCPA by communicating false information or failing to disclose a disputed debt under section 1692e(8). In her Complaint, the Plaintiff has plead a set of facts that establish the basis for a judgment against the Defendant; therefore the Defendant's Motion to Dismiss (# 3) is DENIED.

IT IS SO ORDERED.

---

**1.** The term "debt collector" means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. 15 U.S.C. s 1692a(6).