**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NATHALIE THUY VAN,<br><br>    Plaintiff - Appellant,<br><br>  v.<br><br>WAL-MART STORES, INC.; et al.,<br><br>    Defendants - Appellees. | No. 11-17040<br><br>D.C. No. 5:08-cv-05296-PSG<br><br><br>MEMORANDUM[*] |
| NATHALIE THUY VAN,<br><br>    Plaintiff - Appellant,<br><br>  v.<br><br>WAL-MART STORES, INC.; et al.,<br><br>    Defendants - Appellees. | No. 12-15284<br><br>D.C. No. 5:08-cv-05296-PSG |

Appeal from the United States District Court
for the Northern District of California
Paul S. Grewal, Magistrate Judge, Presiding

Argued and Submitted July 9, 2014
San Francisco, California

   [*]  This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: FERNANDEZ, N.R. SMITH, and CHRISTEN, Circuit Judges.

Nathalie Thuy Van brought suit against Wal-Mart Stores, Inc. alleging civil rights violations, defamation, false imprisonment, and various other tort law claims. After her attorney withdrew from the case, Van filed a second amended complaint pro se. The magistrate judge dismissed Van's civil rights claims for failure to state a claim, granted Wal-Mart's motion for summary judgment as to the defamation and false imprisonment claims, and awarded costs to Wal-Mart. We have jurisdiction pursuant to 28 U.S.C. § 1291; we affirm in part, reverse in part, and remand.

1. We review de novo a dismissal for failure to state a claim. *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012). "[A]ll material facts are accepted as true and are construed in the light most favorable to the plaintiff." *Id.* A pro se plaintiff's "complaint should be liberally construed, and should not be dismissed unless it appears certain that the plaintiff can prove no set of facts which would entitle him or her to relief." *Haddock v. Bd. of Dental Exam'rs of Cal.*, 777 F.2d 462, 464 (9th Cir. 1985). The "complaint should not be dismissed if it states a claim under any legal theory, even if the plaintiff erroneously relies on a different legal theory." *Id.*

2

Construed liberally, Van's complaint states a claim for relief under 42 U.S.C. § 1981; California's Unruh Act, Cal. Civ. Code § 51; California's Bane Act, Cal. Civ. Code § 52.1; and California's Ralph Act, Cal. Civ. Code § 51.7. She essentially alleges that Wal-Mart's security guards targeted and detained her and her son on the basis of race and, as part of their race-based investigation, (1) refused to allow her to purchase the Lego toy, (2) barred Van from shopping at any Wal-Mart in the future, (3) and used threats of violence to accomplish their purposes. "Although we intimate no view whatever on the merits of [Van's] allegations, we conclude that [she] is entitled to an opportunity to offer proof." *See Haddock*, 777 F.2d at 465.

2.    Van did not sufficiently allege facts showing that Wal-Mart acted under color of state law, which means Van failed to state a claim under 42 U.S.C. § 1983. *See O'Guinn v. Lovelock Corr. Ctr.*, 502 F.3d 1056, 1060 (9th Cir. 2007). However, the magistrate judge erred by failing to grant Van leave to amend her complaint, because it is not "absolutely clear" that Van's complaint could not be cured by amendment. *See Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012).

In addition, the magistrate judge erred by not addressing—in any of his orders—Van's claims for intentional infliction of emotional distress; negligence; negligent selection, training, retention, supervision, investigation, discipline;

3

negligent infliction of emotional distress; fraud; and negligent misrepresentation. Upon remand, the magistrate judge must provide Van with notice of any deficiencies in her complaint and then grant Van leave to amend. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992).

3. "We also review de novo the merits of a grant of summary judgment." *Heinemann v. Satterberg*, 731 F.3d 914, 916 (9th Cir. 2013). "[W]e are required to view all evidence and draw all inferences in the light most favorable to the nonmoving party." *Gravelet-Blondin v. Shelton*, 728 F.3d 1086, 1090 (9th Cir. 2013) (internal quotation marks omitted).

The magistrate judge did not err in granting summary judgment on Van's defamation claim, because Van provided no evidence of publication—an essential element of defamation under California law, *see Shively v. Bozanich*, 80 P.3d 676, 683 (Cal. 2003). Even if we were to consider the security guard's statement that he transmitted the statement that Van's son was a thief,[1] he said nothing about transmitting information regarding Van. Moreover, the mere fact that the

---

[1]We do not consider the evidence contained in Van's supplemental declaration in support of her opposition to summary judgment, because she withdrew it prior to the magistrate judge's order. *See Fraser v. Goodale*, 342 F.3d 1032, 1036 (9th Cir. 2003). Therefore, we deny as moot Wal-Mart's motion to strike portions of Van's excerpts of record and opening brief. *See Smith v. U.S. Customs & Border Prot.*, 741 F.3d 1016, 1020 n. 2 (9th Cir. 2014).

Notification of Restriction from Property form's purpose was to bar Van from all Wal-Mart properties does not mean that the Notification of Restriction from Property form was transmitted to all Wal-Mart stores. Such an inference, without more, would be unreasonable. *See Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1065 n.10 (9th Cir. 2002) ("At summary judgment, this court need not draw *all* possible inferences in [the plaintiff's] favor, but only all *reasonable* ones.") (emphasis in original). Finally, the internal Wal-Mart message contains a directive to enter a matter for "this incident" into Wal-Mart's electronic documentation system; it says nothing about entering the Notification of Restriction from Property form.

With respect to Van's false imprisonment claim, the magistrate judge erred by granting Wal-Mart's summary judgment motion. Security Guard Leon testified at his deposition that "in order for Ms. Van to open the door I would need to move," and that he "was against the door at different times." The Notice of Property Restriction form informed Van that she was an "apprehended subject." According to Van, she was told that she must sign the form or the security guards would have her arrested. The security video shows Security Guard Leon standing either in front of the door or immediately to one side of the door, except for a short moment when he stepped out of the room. Further, it would be reasonable to infer

from the video that the conversation between Van and the security guards was intense. Viewing the evidence and drawing all inferences in the light most favorable to Van, a reasonable juror could find that the words and conduct of the security guards "furnish[ed] a reasonable apprehension on the part of the one restrained that [she would] not be allowed to depart." *Schanafelt v. Seaboard Fin. Co.*, 239 P.2d 42, 43 (Cal. Ct. App. 1951).[2]

4.      Because we have reversed the district court as to several of Van's claims, we vacate the award of costs and remand for a new determination of costs after other proceedings on remand. *See Cusano v. Klein*, 264 F.3d 936, 951 (9th Cir. 2001).

**AFFIRMED in part; REVERSED in part; and REMANDED.**

The parties shall bear their own costs on appeal.

---

[2]California's merchant privilege does not protect Wal-Mart against Van's claim that she, as the parent, had been falsely imprisoned. California Penal Code Section 490.5(b) only imputes the misconduct of a minor to the minor's parent or legal guardian for the purposes of civil actions brought by the merchant.