**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

THEODORE H. HEINEMANN, I,
*Plaintiff-Appellant*,

v.

DANIEL SATTERBERG,
King County Prosecutor,
*Defendant-Appellee*.

No. 12-35404

D.C. No.
2:12-cv-00125-RSL

OPINION

Appeal from the United States District Court
for the Western District of Washington
Robert S. Lasnik, District Judge, Presiding

Argued and Submitted
August 27, 2013—Seattle, Washington

Filed September 24, 2013

Before: M. Margaret McKeown and Richard R. Clifton,
Circuit Judges, and Jed S. Rakoff, District Judge.[*]

Opinion by Judge Clifton

---

[*] The Honorable Jed S. Rakoff, District Judge for the Southern District of New York, sitting by designation.

# SUMMARY**

## Civil Rights/Civil Procedure

The panel affirmed the district court's summary judgment in a civil action brought by an airline passenger against the Prosecuting Attorney for King County who had filed a criminal complaint against the passenger for an altercation that occurred on a United Airlines flight between the passenger and two flight attendants.

The panel first held that Federal Rule of Civil Procedure 56, in its current form, prohibits a district court from granting a motion for summary judgment by default based upon a local court rule when an opposing party fails to respond. The panel held that because the local rule at issue in this case, Western District of Washington Rule 7(b)(2), conflicted with Rule 56, it could not provide a valid basis for granting a motion for summary judgment. The panel nevertheless affirmed the district's grant of summary judgment on the merits, holding that the King County Prosecuting Attorney was entitled to prosecutorial immunity for his decision to initiate the prosecution against plaintiff.

---

** This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**COUNSEL**

Justin Price Wade (argued), Michael Barr King, Carney Badley Spellman, P.S., Seattle, Washington, for Plaintiff-Appellant.

David Eldred, King County Prosecuting Attorney's Office, Seattle, Washington, for Defendant-Appellee.

**OPINION**

CLIFTON, Circuit Judge:

This appeal presents the question of whether Federal Rule of Civil Procedure 56, in its current form, prohibits a district court from granting a motion for summary judgment by default based upon a local court rule when an opposing party fails to respond. We conclude that it does.

In this case, in addition to citing such a local rule, the district court considered the motion on the merits and concluded that it should be granted. We agree and affirm the judgment.

**I. Background**

Theodore Heinemann was a passenger aboard a United Airlines flight from Amsterdam to Seattle via Chicago. Near the end of the flight, Heinemann was involved in an altercation with two flight attendants. Heinemann and the flight attendants told very different stories about the episode.

Heinemann alleged that he suffered a mild epileptic seizure just minutes prior to landing in Seattle, and that a flight attendant denied him access to the bathroom in this "emergency medical situation." He further contended that as he was disembarking after his seizure, another flight attendant followed him out of the airplane "brandishing" an ice mallet. The flight attendants denied that Heinemann said anything about a seizure and instead stated that his strongly worded complaints about the airline's customer service escalated into profanity and a physical threat.

Heinemann was arrested by the Port of Seattle Police Department when he got off the plane. A criminal complaint was later filed in state court charging Heinemann with harassment. The complaint was filed officially by the Prosecuting Attorney of King County, defendant Daniel Satterberg, and was actually signed by one of his deputy prosecuting attorneys.

A few months after he was criminally charged, Heinemann, proceeding pro se, initiated a civil action against United Airlines in state court, alleging that its personnel falsified police reports, falsely diagnosed an epileptic seizure, and threatened him with an ice mallet, among other things. United removed the case to district court on the basis of diversity, and moved for summary judgment. Reasoning that the Montreal Convention of 1999 precluded Heinemann from pursuing state law claims against United because the incident occurred on an "international carriage," and that Heinemann had no claims under the Convention itself, the district court granted United's summary judgment motion.

Heinemann then filed the current action against Satterberg in district court, again proceeding pro se. He contended that

the King County prosecutor had no jurisdiction to file a criminal complaint against him. In his complaint, Heinemann argued that because he could not "claim damages from United Airlines because of the [M]ontreal [C]onvention in a state court[,] . . . . a state court may not prosecute Heinemann for a[n] incident that occurred on that inter[national] flight . . . ."

Satterberg moved for summary judgment, arguing that (1) the Montreal Convention did not preclude criminal actions based on state law; (2) Satterberg did not personally participate in any deprivation of Heinemann's constitutional rights, as would be required to establish his liability for any claim under 28 U.S.C. § 1983; and (3) Satterberg's decision to file a criminal complaint against Heinemann in state court was protected by absolute prosecutorial immunity.

Heinemann did not file any response to the motion, which the district court subsequently granted. In its short order, the district court explained: "Plaintiff has not opposed the motion, and the Court considers such a failure to be an 'admission that the motion has merit.' Local Civil Rule 7(b)(2). The Court has also reviewed the motion on its merits and finds that dismissal is appropriate."

Heinemann did not file anything further in the district court. Instead, he appealed to this court.

## II. Discussion

District courts may promulgate their own local rules so long as those rules comport with the Federal Rules of Civil Procedure. Fed. R. Civ. P. 83(a)(1). This court determines de novo whether there is a conflict between a local rule and a

Federal Rule. *See, e.g.*, *Marshall v. Dates*, 44 F.3d 722, 725 (9th Cir. 1995). We also review de novo the merits of a grant of summary judgment. *Knox v. Sw. Airlines*, 124 F.3d 1103, 1105 (9th Cir. 1997).

### A. Summary Judgment by Default under a Local Rule

Satterberg argues that the district court properly relied on the local rule sanctioning summary judgment by default. Heinemann argues that under the Federal Rules, a motion for summary judgment may not be granted based on a failure to file an opposition to the motion, regardless of any local rule that suggests the contrary. We agree with Heinemann.

In its order, the district court cites Western District of Washington Local Rule 7(b)(2), which states that "[i]f a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit." The local rule does not exclude a motion for summary judgment, so by its terms it appears to permit the court to grant a motion for summary judgment by default whenever the opposing party fails to respond.

Summary judgment is governed by Rule 56. Before it was amended in 2010, Rule 56 provided that summary judgment should be granted "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2) (2009). It specified that "an opposing party may not rely merely on allegations or denials in its own pleading" when a motion for summary judgment is "properly made and supported," but "must – by affidavits or as otherwise provided in this rule – set out specific facts showing a

genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party." *Id*. 56(e)(2) (2009).

In 2010, amendments to the Rule were adopted. Under a new section entitled "Failing to Properly Support or Address a Fact," the Rule now provides that "[i]f a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact . . . , the court may: (1) give an opportunity to properly support or address the fact; (2) consider the fact undisputed for purposes of the motion; (3) grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it; or (4) issue any other appropriate order." *Id*. 56(e) (2010). As amended, Rule 56 requires district courts to assess whether "the motion and supporting materials" entitle the movant to summary judgment. *Id*. 56(e)(3).

Moreover, the Advisory Committee Notes regarding the 2010 revision explain that these amendments prohibit the grant of summary judgment "by default even if there is a complete failure to respond to the motion." Fed. R. Civ. P. 56 Advisory Committee Notes (2010). If there is a failure to respond, the Rule "authorizes the court to consider a fact as undisputed." *Id.* Lest this instruction be misconstrued as condoning summary judgment by default, the Advisory Committee Notes continue:

> Considering some facts undisputed does not of itself allow summary judgment. If there is a proper response or reply as to some facts, the court cannot grant summary judgment without determining whether those facts can

> be genuinely disputed. Once the court has determined the set of facts – both those it has chosen to consider undisputed for want of a proper response or reply and any that cannot be genuinely disputed despite a procedurally proper response or reply – it must determine the legal consequences of these facts and permissible inferences from them.

*Id.* We pay attention to the Advisory Committee Notes. *See generally United States v. Vonn*, 535 U.S. 55, 64 n.6 (2002) (describing the Advisory Committee Notes as "a reliable source of insight" on the meaning of a rule).

In including the new subsection, the Committee stated, the revised Rule 56 was intended to "reflect[] the 'deemed admitted' provisions in many local rules." Fed. R. Civ. P. 56 Advisory Committee Notes, *supra*. At the time of the Committee's consideration, several federal districts specified that an opposing party's failure to respond to the motion will be deemed an admission of the *facts* as presented by the moving party. *See, e.g.*, D. Haw. R. 56.1(g) (1997) ("For purposes of a motion for summary judgment, material facts set forth in the moving party's concise statement will be deemed admitted unless controverted by a separate concise statement of the opposing party."). As the text of the 2010 rule states, the opposing party's failure to respond to a fact asserted in the motion permits a court to "consider the fact undisputed for purposes of the motion." Fed. R. Civ. P. 56(e)(2).

The local rule at issue here, Western District of Washington Rule 7(b)(2), is not simply a "deemed admitted" rule. It permits the court to deem a non-movant's failure to

respond a complete abandonment of its opposition to summary judgment. This is the practice that the 2010 amendments to Rule 56 sought to eliminate. Because this local rule conflicts with the Federal Rule, it cannot provide a valid basis for granting a motion for summary judgment.

## B. Merits of Summary Judgment in this Case

However, the district court did not grant the motion for summary judgment solely based on Plaintiff's failure to respond. Its order granting the motion also stated that the court had reviewed the motion and granted it on its merits.

Although the district court did not elaborate on its reasoning regarding the merits, perhaps influenced by its apparent authority to grant summary judgment under the local rule based on the lack of opposition, we may affirm the district court's ruling on the merits "on any ground supported by the record." *Van Asdale v. Int'l. Game Tech.*, 577 F.3d 989, 994 (9th Cir. 2009) (internal quotation marks omitted).

The record is clear that Satterberg was entitled to summary judgment. Any of the three arguments presented by Satterberg in his motion might provide an adequate ground. For our purposes, we will focus on prosecutorial immunity.

As Heinemann alleges in his complaint, Satterberg is the King County Prosecuting Attorney whose office filed a charge against Heinemann in state court. The only misconduct identified in Heinemann's complaint was that filing the criminal action was improper because the state court lacked jurisdiction and that only federal authorities could bring a charge against Heinemann. That is incorrect, but for current purposes it matters only that prosecutorial

immunity protects a prosecutor for "his decision to initiate a prosecution." *Imbler v. Pachtman*, 424 U.S. 409, 421–24 (1976).

At oral argument, Heinemann's pro bono counsel argued that immunity did not extend to protect a prosecutor who took action outside a traditional prosecutor's role. *See, e.g.*, *Kalina v. Fletcher*, 522 U.S. 118, 129–31 (1997) (holding that prosecutors are not absolutely immune when testifying about probable cause to obtain an arrest warrant). That is true, but Heinemann did not allege misconduct of that nature in his complaint. He complained only about the filing of the criminal charges. If Heinemann sought to pursue this alternative theory, then he could have responded to the summary judgment motion by asking for leave to amend his complaint. If he needed more time to investigate or to obtain evidence he could have sought a continuance under Rule 56(d). After the order was granted, he could have asked the district court for reconsideration or relief from judgment. Heinemann did none of these things. He did not make any further filings in the district court.

We affirm the district court's grant of summary judgment on the merits.

**AFFIRMED.**