**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DONALD ROBIN BARREN,

               Plaintiff - Appellant,

   v.

PHILIP J. KOHN; et al.,

               Defendants - Appellees.

No. 14-15074

D.C. No. 2:13-cv-01492-RCJ-GWF

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Nevada
Robert Clive Jones, District Judge, Presiding

Submitted November 18, 2014[**]

Before:     LEAVY, FISHER, and N.R. SMITH, Circuit Judges.

Donald Robin Barren, a Nevada state prisoner, appeals pro se from the

district court's judgment dismissing his 42 U.S.C. § 1983 action alleging various

constitutional violations in connection with the criminal proceedings that led to

Barren's conviction, as well as subsequent conduct by prison officials. We have

---

     [*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

     [**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1291. We review de novo a district court's

dismissal under 28 U.S.C. § 1915A for failure to state a claim. *Hamilton v. Brown*,

630 F.3d 889, 892 (9th Cir. 2011). We review for an abuse of discretion a denial

of leave to amend. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc).

We may affirm on any ground supported by the record. *Johnson v. Riverside

Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008). We affirm in part,

vacate in part, and remand.

The district court properly dismissed Counts I through VIII of Barren's

complaint as *Heck*-barred because success on the merits of his claims would

necessarily imply the invalidity of his conviction or sentence, and Barren failed to

allege that his conviction has been invalidated. *See Heck v. Humphrey*, 512 U.S.

477, 486-87 (1994). To the extent that Barren alleged additional conduct by the

prosecutors involved in his criminal proceedings not subject to *Heck*'s preclusive

effect, these claims are barred by prosecutorial immunity. *See Heinemann v.

Satterberg*, 731 F.3d 914, 918 (9th Cir. 2013) (decision to initiate prosecution falls

within prosecutorial immunity).

Contrary to Barren's contention, Barren is not entitled to a "*Heck* exception"

based on the allegations in Count IX of his complaint. *See Whitaker v. Garcetti*,

486 F.3d 572, 583-85 (9th Cir. 2007) (explaining that the "sole dispositive

question is whether a plaintiff's claim, if successful, would imply the invalidity of his conviction").

Because it is clear from the record that the deficiencies in Counts I through VIII cannot be cured by amendment, the district court did not abuse its discretion in dismissing these claims without leave to amend. *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam).

Dismissal of Counts IX and X was proper because Barren failed to allege facts sufficient to show that the alleged denial of library access hindered his efforts to appeal the denial of his habeas petition, *see Lewis v. Casey*, 518 U.S. 343, 351-53 (1996) (actual injury requirement in access-to-courts claim requires showing frustration of the pursuit of a nonfrivolous legal claim), and he failed to allege facts sufficient to show that his First Amendment rights were chilled by the alleged retaliation, *see Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (setting forth elements of a First Amendment retaliation claim in the prison context). However, dismissal of these claims without leave to amend was improper at this early stage in the case because Barren was proceeding pro se and he was not provided with any opportunity to amend. *See Flowers v. First Hawaiian Bank*, 295 F.3d 966, 976 (9th Cir. 2002) (this court is "very cautious in approving a district court's decision to deny pro se litigants leave to amend"); *Lucas*, 66 F.3d at

248 ("Unless it is absolutely clear that no amendment can cure the defect, . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action.").

Specifically, with respect to Count IX, the district court previously found that Barren failed to show good cause for an extension of time to appeal the denial of his habeas petition, but this does not establish that Barren cannot state a § 1983 claim based on the alleged conduct. Moreover, in addition to seeking reinstatement of his habeas proceedings, Barren seeks damages, a remedy he may be able to obtain if successful on a § 1983 claim.

With respect to Count X, the lack of any pending motions or deadlines in Barren's habeas proceeding between June 15, 2011 and September 2011 does not establish that Barren cannot amend his complaint to allege that his First Amendment rights were chilled by the alleged conduct.

Accordingly, we affirm the dismissal of Counts I through VIII, vacate the dismissal of Counts IX and X, and remand with instructions to allow Barren the opportunity to amend his complaint with respect to Counts IX and X.

**AFFIRMED in part, VACATED in part, and REMANDED.**

14-15074