FILED

NOT FOR PUBLICATION

NOV 16 2015

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



FOR THE NINTH CIRCUIT

KIMBERLY LUONG; et al.,

               Plaintiffs - Appellants,

v.

CITY AND COUNTY OF SAN
FRANCISCO POLICE DEPARTMENT;
et al.,

               Defendants - Appellees.

No. 13-16305

D.C. No. 3:11-cv-05661-MEJ

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Maria-Elena James, Magistrate Judge, Presiding[**]

Submitted October 20, 2015[***]
San Francisco, California

Before:     WALLACE, SILVERMAN, and CHRISTEN, Circuit Judges.

       Kimberly Luong and Vicky Luong appeal from the jury verdict in their 42

---

      [*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

      [**]     The parties consented to proceed before a magistrate judge. *See* 28 U.S.C. § 636(c).

      [**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

U.S.C. § 1983 action alleging excessive force claims against various officers of the San Francisco Police Department. We have jurisdiction under 28 U.S.C. § 1291. We affirm.

The district court properly granted summary judgment on Plaintiff Kimberly Luong's unlawful arrest and Plaintiff Vicky and Kimberly Luong's seizure claims because Plaintiffs failed to a raise genuine dispute of material fact as to whether defendants had probable cause to seize the video camera, given that the officers were working as a team and collectively possessed knowledge that the camera was potential evidence, and whether defendants had probable cause to arrest Plaintiffs under California Penal Code § 148(a)(1) for obstructing defendants in the performance of their duties at the crime scene. *See Heinemann v. Satterberg*, 731 F.3d 914, 916 (9th Cir. 2013) (setting forth standard of review); *see also Riley v. California*, 134 S. Ct. 2473, 2494 (2014) (explaining a "well-recognized exception" to this warrant requirement of the Fourth Amendment is that the "exigencies of the situation make the needs of law enforcement so compelling that [a] warrantless . . . [seizure] is objectively reasonable under the Fourth Amendment"); *United States v. Ramirez*, 473 F.3d 1026, 1032-33 (9th Cir. 2007) (explaining this court has applied the collective knowledge doctrine "regardless of whether [any] information [giving rise to probable cause] was actually

13-16305

communicated to" the officer performing the arrest; suggesting, but not requiring, communication among officers as a way to distinguish which officers are part of an investigation, and which are not); *see also* Cal. Pen. Code § 148(a)(1) (making a violation every person who "willfully resists, delays, or obstructs any . . . peace officer . . . in the discharge or attempt to discharge any duty of his or her office or employment").

The district court did not abuse its discretion in denying Plaintiffs' oral request for leave to amend their complaint to add a First Amendment retaliation claim because Plaintiffs unduly delayed in seeking amendment so close to the trial date and Defendants would have been prejudiced had leave to amend been granted. *See Hall v. City of Los Angeles*, 697 F.3d 1059, 1079 (9th Cir. 2012) (setting forth standard of review); *see also Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004) (explaining that a district court takes into account five factors in determining whether to grant leave to amend: "bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint").

Despite what Plaintiffs contend, the district court did not abuse its discretion in its various in limine rulings. *See United States v. Dorsey*, 677 F.3d 944, 951 (9th Cir. 2012) (setting forth standard of review for *in limine* rulings). Evidence of

the stabbing was relevant to the jury's understanding of the significance of the camera as evidence, and was not unduly prejudicial given that the video camera itself had footage of evidence related to the stabbing, e.g. a jacket with blood soaking in the bathtub. *See* Fed. R. Evid. 401, 402, 403. Additionally, the district court properly excluded evidence of other citizen complaints, investigation, and findings as impermissible character evidence as Plaintiffs failed to proffer a proper grounds for its admissibility. *See* Fed. R. Evid. 404(a). The district court properly excluded the police report as inadmissible hearsay, *see* Fed. R. Evid. 801, and the voluminous police training materials as needlessly cumulative since Plaintiffs had already read substantial portions of the materials into the record, *see* Fed. R. Evid. 403. Lastly, the district court properly excluded testimony about the use of police force logs since Plaintiffs failed to demonstrate that these force logs were applicable in this case and thus the force logs were irrelevant. *See* Fed. R. Evid. 402.

The district court did not abuse its discretion in its instruction to the jury, and its rejection of Plaintiffs' numerous proposed jury instructions. *See United States v. Hofus*, 598 F.3d 1171, 1174 (9th Cir. 2010) (setting forth standard of review). The district court properly instructed the jury that the seizure of the camera was not an issue at trial and that the officers had authority to seize the

camera. Without the instruction, the jury would have been confused or misled into believing that these issues were not resolved. The district court also properly instructed the jury to consider Plaintiffs' resistance to the police's attempts to seize evidence because the Model Instructions only mentioned the Plaintiffs' resistance to arrest.

To the extent that Plaintiffs sufficiently raised this issue on appeal, the district court did not err in granting Defendants' motion for judgment as a matter of law at the close of evidence because Plaintiffs either failed to show personal participation, or actionable conduct on the part of Officers Ciudad, Moriyama and Chea as to certain excessive force claims brought by Plaintiffs. *See Torres v. City of Los Angeles*, 548 F.3d 1197, 1205-06 (9th Cir. 2008) (setting forth standard of review); *see also Lacey v. Maricopa County*, 693 F.3d 896, 915-16 (9th Cir. 2012) (en banc) (liability for violation of a constitutional right requires defendants' personal participation in the violation).

The district court did not abuse its discretion in denying Plaintiffs' motion for new trial because the jury verdict was supported by substantial evidence. *See Kode v. Carlson*, 596 F.3d 608, 611 (9th Cir. 2010) (setting forth standard of review); *Mueller v. Auker*, 700 F.3d 1180, 1193-94 (9th Cir. 2012) ("The district court's denial of a motion for a new trial is reversible only if the record contains no

evidence in support of the verdict or if the district court made a mistake of law.") (citation and internal quotation marks omitted)). Specifically, the undisputed evidence shows that Vicky and Kimberly refused to hand over the camera to defendants, when asked, and prevented the officers from obtaining the camera, which the defendants had a lawful right to seize. The evidence further shows that Kimberly and Vicky were resisting arrest, prompting defendants to use force to subdue them. There was no evidence presented that the officers used more force than what was needed. Nor did the evidence support Kimberly's or Vicky's account of the force used to arrest them. Plaintiffs' arguments to the contrary rest mainly on a credibility determination, which is not reviewable on appeal.

The district court did not abuse its discretion in awarding costs against Plaintiffs because the cost award was modest, Plaintiffs' case did not present issues of substantial public importance, and Plaintiffs did not demonstrate that they could not otherwise pay the costs if subjected to a payment plan. *See Martin v. Cal. Dep't. of Veteran Affairs*, 560 F.3d 1042, 1053 (9th Cir. 2009) (setting forth standard of review); *cf. Escriba v. Foster Poultry Farms, Inc.*, 743 F.3d 1236, 1248-49 (9th Cir. 2014) (no abuse of discretion in denying relatively modest cost award when, among other things, plaintiff had limited financial resources, the case present issues of substantial importance regarding FMLA notice, and chilling

effect on future FMLA actions).

Since Plaintiffs did not demonstrate any constitutional violations, Plaintiffs' arguments regarding the dismissal of its state law claim under Cal. Civ. Code § 52.1 are moot.

Since Plaintiffs did not raise any arguments concerning the false arrest of Vicky in their Opening Brief, we deem that issue waived on appeal. *See Cruz v. Int'l Collection Corp.*, 673 F.3d 991, 998 (9th Cir.2012) ("We review only issues which are argued specifically and distinctly in a party's opening brief." (citation and internal quotation marks omitted)).

**AFFIRMED.**

NOV 16 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

*Kimberly Luong et al. v. City & County of San Francisco et al.*, 13-16305

CHRISTEN, Circuit Judge, dissenting:

I respectfully dissent from the portion of the court's disposition affirming summary judgment as to the Luongs' unlawful arrest and seizure claims. Our circuit has only applied the collective knowledge doctrine where there has been some communication between officers working together on an investigation. *United States v. Ramirez*, 473 F.3d 1026, 1032 (9th Cir. 2007) ("[W]e have been willing to aggregate the facts known to each of the officers involved at least when there has been communication among agents." (internal quotation marks, alterations, and citations omitted)). Here the district court correctly identified that there was a triable issue of fact concerning whether the officers who saw the camera being used inside the home communicated with the officers who seized the camera and arrested the Luongs. The district court was under the impression that this issue of fact did not prevent the entry of summary judgment because it read *Ramirez* to permit application of the collective knowledge doctrine whether there had been communication or not. Because that ruling represents an expansion of the doctrine that our court has never endorsed, I would reverse this portion of the district court's order and remand for further proceedings.