**David H. MCELWAIN, Plaintiff,**

v.

**The BOEING COMPANY, Defendant.**

**CASE NO. C16–0990JLR**

United States District Court,
W.D. Washington,
at Seattle.

Signed 03/20/2017

Amanda Victoria Masters, Patrick B. Reddy, Emery Reddy, Seattle, WA, for Plaintiff.

David H. McElwain, Everett, WA, pro se.

Katherine Seabright, Laurence A. Shapero, Riddell Williams, Seattle, WA, for Defendant.

## ORDER

JAMES L. ROBART, United States District Judge

### I. INTRODUCTION

Before the court is Defendant The Boeing Company's ("Boeing") motion for summary judgment. (Mot. (Dkt. # 10).) Plaintiff David H. McElwain has not filed an opposing memorandum, but has submitted two declarations in opposition to Boeing's motion. (*See* McElwain Decl. (Dkt. # 18); Eisenberger Decl. (Dkt. # 19).) Boeing has filed a reply. (*See* Reply (Dkt. # 20).) Having considered these submissions, the relevant portions of the record, and the applicable law, and considering itself fully advised,[1] the court GRANTS Boeing's motion for summary judgment.

### II. BACKGROUND

Boeing employed Mr. McElwain from 1978 until October 2014. (Compl. (Dkt. # 1–2) ¶¶ 2.3, 2.27; Answer (Dkt. # 5) ¶¶ 2.3, 2.27.) Mr. McElwain alleges that Boeing terminated his employment for poor attendance while he was on medical leave. (Compl. ¶ 2.27.) Mr. McElwain alleg-

---

1. Neither party requested oral argument, and the court considers it unnecessary in this instance. *See* Local Rules W.D. Wash. LCR 7(b)(4).

es that he was diagnosed with alcoholism, anxiety, and depression and that he gave notice of these conditions to Boeing. (Compl. ¶¶ 2.6, 2.8; McElwain Decl. ¶¶ 4–5.) Boeing denies these allegations. (Answer ¶¶ 2.6–2.10.)

Mr. McElwain was charged with and convicted of driving under the influence ("DUI") in King County, Washington. (Seabright Decl. (Dkt. # 12) ¶ 2.) As a result of his conviction, Mr. McElwain was sentenced to serve 30 days in jail. (*Id.* Ex. A.) Mr. McElwain requested to participate in King County's Work Education Release ("WER") program in lieu of incarceration. (Seabright Decl., Ex. B at 4). Mr. McElwain asked his supervisor at Boeing, William Fletcher, to sign a document that Mr. McElwain said would allow him to participate in the WER program. (Fletcher Decl. (Dkt. # 14) ¶ 3.) Mr. Fletcher signed the paperwork. (*Id.* ¶ 4.) However, after consulting with Boeing's Human Resources Generalist, Mr. Fletcher asked Mr. McElwain to return the signed document, which Mr. Fletcher then destroyed. (*Id.* ¶ 5.)

Despite the withdrawal of Mr. Fletcher's approval, Mr. McElwain was accepted into the WER program. (Seabright Decl., Ex. C.) Mr. McElwain entered the program on September 28, 2014. (*See id.*) On September 30, 2014, Mr. McElwain requested and was given a pass release from the WER facility to attend a probation appointment and treatment. (*Id.*, Ex. E). However, Mr. McElwain returned to the WER facility late after attending his appointments, in violation of the Conditions of Conduct for the WER program. (*Id.*) As a result of this violation, Mr. McElwain was released from

the program and returned to full-time detention on or around October 1, 2014. (*Id.*)

On October 14, 2014, Boeing issued a "corrective action memo" informing Mr. McElwain that he was being terminated for violating Boeing's attendance policy. (Haydon Decl., Ex. B.) Specifically, the memo stated that Mr. McElwain had been absent from work from October 1 through October 14, 2014. (*Id.*)

In 2016, Mr. McElwain filed suit against Boeing, alleging that it had discriminated against him based on his age and disability in violation of the Washington Law Against Discrimination ("WLAD") and the Age Discrimination in Employment Act ("ADEA") and had failed to accommodate his disability in violation of the Americans with Disabilities Act (ADA) and WLAD. (*See generally* Compl.)

Boeing filed this motion for summary judgment on October 13, 2016. (*See* Mot.) Shortly thereafter, the court granted Mr. McElwain's attorney's motion to withdraw as counsel. (*See generally* Order (Dkt. # 17).) Mr. McElwain, who is now proceeding *pro se*, did not file a memorandum in opposition to Boeing's motion for summary judgment. (*See generally* Dkt.) Rather, Mr. McElwain filed two declarations—his own and that of Ken Eisenberger, his mental-health counselor.[2] (*See generally* McElwain Decl.; Eisenberger Decl.) The court now considers Boeing's motion.

## III. ANALYSIS

### A. Legal Standard

Summary judgment is appropriate if the evidence shows "that there is no genuine

---

**2.** "A motion for summary judgment may not be granted based on a failure to file an opposition to the motion." *Heinemann v. Satterberg*, 731 F.3d 914, 916 (9th Cir. 2013). "Rule 56 requires district courts to assess whether 'the motion and supporting materials' entitle the movant to summary judgment." *Id.* (quot-

ing Fed. R. Civ. P. 56(e)(3)). However, "an opposing party's failure to respond to a fact asserted in the motion permits a court to 'consider the fact undisputed for purposes of the motion.'" *Id.* (quoting Fed. R. Civ. P. 56(e)(2)).

dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Galen v. Cty. of L.A.*, 477 F.3d 652, 658 (9th Cir. 2007). A fact is "material" if it might affect the outcome of a case. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A factual dispute is " 'genuine' only if there is sufficient evidence for a reasonable fact finder to find for the non-moving party." *Far Out Prods., Inc. v. Oskar*, 247 F.3d 986, 992 (9th Cir. 2001) (citing *Anderson*, 477 U.S. at 248–49, 106 S.Ct. 2505).

The moving party bears the initial burden of showing there is no genuine dispute of material fact and that the movant is entitled to prevail as a matter of law. *Celotex*, 477 U.S. at 323, 106 S.Ct. 2548. If the moving party does not bear the ultimate burden of persuasion at trial, it can show the absence of a dispute of material fact in two ways: (1) by producing evidence negating an essential element of the nonmoving party's case, or (2) by showing that the nonmoving party lacks evidence of an essential element of its claim. *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1106 (9th Cir. 2000). If the moving party meets its burden of production, the burden then shifts to the nonmoving party to identify specific facts from which a fact finder could reasonably find in the nonmoving party's favor. *Celotex*, 477 U.S. at 324, 106 S.Ct. 2548; *Anderson*, 477 U.S. at 252, 106 S.Ct. 2505.

The court is "required to view the facts and draw reasonable inferences in the light most favorable to the [nonmoving] party." *Scott v. Harris*, 550 U.S. 372, 378, 127 S.Ct. 1769, 167 L.Ed.2d 686 (2007). The court may not weigh evidence or make credibility determinations in analyzing a motion for summary judgment because these responsibilities belong to the fact-finder. *Anderson*, 477 U.S. at 249–50, 106 S.Ct. 2505. Nevertheless, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts.... Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Scott*, 550 U.S. at 380, 127 S.Ct. 1769 (internal quotation marks omitted) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986)). Accordingly, "mere allegation and speculation do not create a factual dispute for purposes of summary judgment." *Nelson v. Pima Cmty. Coll.*, 83 F.3d 1075, 1081 (9th Cir. 1996). "A trial court can only consider admissible evidence in ruling on a motion for summary judgment." *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 773 (9th Cir. 2000).

## B. Disability Discrimination

### 1. Disparate Treatment—WLAD

Washington courts use the *McDonnell Douglas* burden-shifting framework when analyzing discrimination claims. *Domingo v. Boeing Employees' Credit Union*, 124 Wash.App. 71, 98 P.3d 1222, 1225 (2004); *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). Under this approach, "[a]n employee claiming disparate treatment discrimination bears the initial burden of setting forth a prima facie case." *Callahan v. Walla Walla Housing Auth.*, 126 Wash. App. 812, 110 P.3d 782, 786 (2005). A prima facie case of disparate treatment disability discrimination has four elements: (1) the employee is disabled; (2) the employee is doing satisfactory work; (3) the employee suffered an adverse employment action; and (4) the employee was discharged under circumstances that raise a

reasonable inference of unlawful discrimination. *Id.* Once the plaintiff establishes a prima facie case, an inference of discrimination arises. *Domingo*, 98 P.3d at 1225. "In order to rebut this inference, the defendant must present evidence that the plaintiff was terminated for a legitimate reason." *Id.* "The plaintiff must then show that the proffered reason is a pretext for discrimination." *Id.* "The plaintiff has the final burden of persuading the trier of fact that discrimination was a substantial factor in the termination decision." *Id.* "In general, the plaintiff must produce sufficient evidence to enable a jury to find that the adverse employment action was, more likely than not, the result of unlawful discrimination." *Callahan*, 110 P.3d at 786.

■ Boeing contends that Mr. McElwain's disparate-treatment claim fails because he was not doing satisfactory work, as he was absent without excuse in the two weeks preceding his termination. (*See* Mot. at 13; *see generally* Seabright Decl.) In his complaint, Mr. McElwain alleges that, during his approximately 35 years of employment at Boeing, he "was a dedicated employee, without any issues, negative performance reviews, or safety incidents" and that he "routinely earned performance and safety awards." (Compl. ¶¶ 2.4–2.5.) Boeing denies these allegations. (Answer ¶¶ 2.4–2.5.) But even viewing these allegations in the light most favorable to Mr. McElwain, the court draws only the inference that Mr. McElwain was performing satisfactorily at some periods during his employment, not that he was doing satisfactory work during the time leading up to his termination. Indeed, "excessive absenteeism" prevents an employee from completing satisfactory work. *Young v. Ben Franklin Transit*, 83 Fed.Appx. 900 (9th Cir. 2003) (applying WLAD); *see also Mendia v. Hawker Beechcraft Corp.*, No. 06-1212-JTM, 2008 WL 216914, at *5 (D.

Kan. Jan. 17, 2008) (finding that plaintiff could not prove he was doing satisfactory work when "he was absent from work, without the proper excuse, and thus did not do any work at all, much less satisfactory work").

But even if the court were to assume that Mr. McElwain was doing satisfactory work prior to his termination—and so has made out a prima facie case for disparate treatment—his claim would still fail. Once a plaintiff has established a prima facie case and an inference of discrimination arises, "the defendant must present evidence that the plaintiff was terminated for a legitimate reason." *Domingo*, 98 P.3d at 1225. Boeing has presented evidence that Mr. McElwain was terminated as a result of his two-week unexcused absence from work, a violation of company policy. (Haydon Decl., Ex. B.) The burden then shifts back to Mr. McElwain "to show that the proffered reason is a pretext for discrimination." *Id.* Mr. McElwain makes no argument to this effect, nor does he present any specific facts that would support a claim of pretext. Because Mr. McElwain fails "to rebut the defendant's alternative explanation for the adverse action," Boeing is entitled to summary judgment. *Callahan*, 110 P.3d at 786.

2. Failure to Accommodate—WLAD and ADA

■ Although "[j]udicial interpretations of the ADA and the WLAD differ slightly in the way they phrase the elements of an accommodation under the two statutes ... the basic requirements are essentially the same." *McDaniels v. Grp. Health Co-op*, 57 F.Supp.3d 1300, 1314 (W.D. Wash. 2014). Both statutes require the plaintiff to show that (1) he is disabled; (2) he is qualified for the job in question and capable of performing it with reasonable accommodation; (3) the employer had notice

of his disability; and (4) the employer failed to reasonably accommodate his disability. *Id.*; *see also Samper v. Providence St. Vincent Med. Ctr.*, 675 F.3d 1233, 1237 (9th Cir. 2012); *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1088–89 (9th Cir. 2002); *Davis v. Microsoft Corp.*, 149 Wash.2d 521, 70 P.3d 126, 131 (2003).

■ Boeing presents no argument on whether Mr. McElwain is disabled or whether it was properly notified of any disability. (*See* Mot. at 8–9.) Rather, Boeing argues that Mr. McElwain's request for Boeing personnel to sign the WER paperwork was not a request for a reasonable accommodation of a disability, but rather a request for excusal of criminal conduct and subsequent incarceration. (*Id.*) Mr. McElwain asserts that company approval of his participation in the WER program was a reasonable accommodation that would have enabled him to perform the essential functions of his job in spite of his alcoholism. (McElwain Decl. ¶ 7.) But Mr. McElwain has not shown that it was his *alcoholism* that needed to be accommodated for him to continue performing his job. On the contrary, the record demonstrates that Mr. McElwain was unable to work because he was incarcerated. (Seabright Decl., Ex. E; Haydon Decl., Ex. B.)

■ In his complaint, Mr. McElwain appears to conflate his alcoholism with his DUI conviction, stating that he was arrested for "an incident arising from his disabilities." (Compl. ¶ 2.11.) Although conduct resulting from a disability is generally considered to be part of the disability, the Ninth Circuit has recognized "a distinction between disability-caused conduct and disability itself" in cases involving alcohol-fueled misconduct and resultant termination. *Humphrey v. Mem'l Hosps. Ass'n*, 239 F.3d 1128, 1139 n. 18 (9th Cir. 2001); *cf. Newland v. Dalton*, 81 F.3d 904, 906 (9th Cir. 1996) (holding that an employer

may, consistent with the Rehabilitation Act, fire an employee who went on a "drunken rampage" despite employee's claims that such behavior was caused by his alcoholism). Such a distinction is further supported by the ADA itself, which provides that an employer "may hold an employee who ... is an alcoholic to the same qualification standards for employment or job performance and behavior that such entity holds other employees, even if any unsatisfactory performance or behavior is related to the .... alcoholism of such employee." 42 U.S.C. § 12114(c)(4). Therefore, although Mr. McElwain's DUI conviction may be related to his alcoholism, Boeing was not required to make arrangements to provide for Mr. McElwain's continued attendance during the time he was incarcerated for his DUI conviction. The ADA "require[s] the employer to make a reasonable accommodation of an employee's disability," but it does not "reasonably require[ ] accommodation to overlook infractions of the law." *Despears v. Milwaukee Cty.*, 63 F.3d 635, 637 (7th Cir. 1995) (citing *Leary v. Dalton*, 58 F.3d 748, 753 (1st Cir. 1995)).

Although the court has not located any Washington authority articulating the distinction between alcoholism and alcohol-related conduct, Washington courts look to federal case law interpreting the ADA to guide their interpretation of the WLAD. *Kumar v. Gate Gourmet*, 180 Wash.2d 481, 325 P.3d 193, 197 (2014). Thus, the court also applies this distinction to the WLAD for the purposes of this analysis. However, even if Washington courts would not recognize this distinction, Mr. McElwain still fails to make a prima facie case for disability discrimination under WLAD. The WLAD requires a plaintiff to demonstrate that his employer "failed to affirmatively adopt measures that were available to the employer and medically necessary" to ac-

commodate his disability. *Davis*, 70 P.3d at 131. Mr. McElwain has not raised a genuine dispute as to whether Boeing's approval of his WER paperwork was medically necessary to accommodate his alcoholism. In fact, Mr. McElwain has not demonstrated that Boeing's approval was even necessary to his participation in the WER, as he was accepted to the program in spite of the fact that Mr. Fletcher rescinded his approval. (Seabright Decl., Ex. C.) Accordingly, Boeing is entitled to summary judgment on Mr. McElwain's failure-to-accommodate claims under both statutes.

## C. Age Discrimination—WLAD and ADEA

### 1. Disparate Treatment—WLAD

■ In order to make out a prima facie case for age discrimination based on disparate treatment under WLAD, a plaintiff must demonstrate that he: (1) belongs to the protected class of individuals between 40 and 70 years of age and (2) was treated less favorably in the terms and conditions of his employment (3) than a similarly situated, nonprotected employee. *Jones v. Rabanco, Ltd.*, 439 F.Supp.2d 1149, 1160 (W.D. Wash. 2006) (citing *Washington v. Boeing*, 105 Wash.App. 1, 19 P.3d 1041, 1048 (2000)); *Griffith v. Schnitzer Steel Indus., Inc.*, 128 Wash.App. 438, 115 P.3d 1065, 1070 (2005). The plaintiff must also demonstrate that he and the similarly situated comparator were doing substantially the same work. *Id.*

■ Mr. McElwain's disparate treatment claim fails because he has not made out a prima facie case. The parties do not dispute that Mr. McElwain is a member of the protected age class or that he was subject to adverse employment action—termination. (Compl. ¶¶ 2.2, 2.27; Answer ¶¶ 2.2, 2.21). However, Mr. McElwain makes only a bare allegation that he was "replaced by a younger person" after his termination and does not provide any specific facts to support that allegation or propose a comparator. (Compl. ¶ 3.6.) Therefore, summary judgment in favor of Boeing is appropriate on this claim.

### 2. ADEA

■ In order to establish a prima facie case of age discrimination under the ADEA, a plaintiff must show that he was: (1) at least 40 years old; (2) performing his job satisfactorily; (3) discharged; and (4) either replaced by substantially younger employees with equal or inferior qualifications or discharged under circumstances otherwise giving rise to an inference of age discrimination. *Diaz v. Eagle Produce Ltd. P'ship*, 521 F.3d 1201, 1207–08 (9th Cir. 2008). In his complaint, Mr. McElwain makes only the bare allegation that Boeing "would not have terminated [him] but for his age and disabilities" (Compl. ¶ 3.22), and he does not present any evidence supporting a prima facie case of age discrimination (*see generally* McElwain Decl.; Eisenberger Decl.). Accordingly, Mr. McElwain's ADEA claim also fails and summary judgment in favor of Boeing is appropriate.

## D. Retaliation—WLAD and ADA

■ A prima facie case for retaliation under either the WLAD or the ADA "requires a showing that (1) plaintiff engaged in protected activity, (2) [ ]he suffered an adverse employment action, and (3) there was a causal link between the two." *Daniel v. Boeing Co.*, 764 F.Supp.2d 1233, 1245 (W.D. Wash. 2011). Mr. McElwain alleges that he was terminated for requesting a reasonable accommodation of his disability under the ADA and WLAD. Pursuing one's rights under either statute constitutes protected activity. *See id.* (citing *Pardi v. Kaiser Found. Hosps.*, 389 F.3d 840, 850 (9th Cir. 2004)). Boeing con-

tends that Mr. McElwain's request was not a protected activity because it was not a request for a reasonable accommodation of his disability. (Mot. at 8–9.) Indeed, the court concluded above that Mr. McElwain's request was not a request for an accommodation of his alcoholism, but rather a request that Boeing excuse his misconduct. *See supra* § III.B. Such a request is not protected by either the ADA or the WLAD. *See id.* Accordingly, Mr. McElwain fails to make out a prima facie case of retaliation, and Boeing is entitled to summary judgment on this claim.

## IV. CONCLUSION

For the foregoing reasons, the court GRANTS Boeing's motion for summary judgment (Dkt. # 10) and enters summary judgment in favor of Boeing on all claims before the court.