**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HUYEN L. NGUYEN, | No. 14-16999 |
| Plaintiff-Appellant, | D.C. No. 5:13-cv-01847-LHK |
| v. | |
| MARK T. ESPER,* Secretary, Department of the Army, | MEMORANDUM** |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Lucy H. Koh, District Judge, Presiding

Submitted May 9, 2018***

Before:   THOMAS, Chief Judge, and TROTT and SILVERMAN, Circuit Judges.

Huyen L. Nguyen appeals from the district court's summary judgment in her

employment action alleging claims under Title VII.  We have jurisdiction under 28

---

\*       Mark T. Esper has been substituted for John M. McHugh as Secretary of the Army under Federal Rule of Appellate Procedure 43(c)(2).

\*\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*\*       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

U.S.C. § 1291. We review de novo, *Universal Health Servs., Inc. v. Thompson*, 363 F.3d 1013, 1019 (9th Cir. 2004), and we affirm.

The district court properly granted summary judgment on Nguyen's discrimination claim arising from her employment and termination. Nguyen failed to establish a prima facie case of discrimination by raising a genuine dispute of material fact as to whether any of the criticisms that she received constituted adverse employment actions, and whether any similarly situated employees were treated more favorably with respect to termination as contract service providers. *See Hawn v. Exec. Jet Mgmt., Inc.*, 615 F.3d 1151, 1156 (9th Cir. 2010) (providing elements of prima facie case for employment discrimination based on disparate treatment); *Chuang v. Univ. of Cal. Davis, Bd. of Trs.*, 225 F.3d 1115, 1125-26 (9th Cir. 2000) (defining adverse employment action to include actions that constitute a material change in the terms and conditions of employment).

The district court properly granted summary judgment on Nguyen's discrimination claim relating to her failure to apply for a position as a federal General Schedule dentist. Nguyen failed to raise a genuine issue of material fact as to whether the defendant's legitimate, nondiscriminatory reason for how it provided information regarding the job opening was pretext for discrimination. *See Hawn*, 615 F.3d at 1158 (explaining that specific and substantial evidence of pretext is required to defeat a motion for summary judgment).

14-16999

The district court properly granted summary judgment on Nguyen's hostile work environment claim because Nguyen failed to raise a genuine issue of material fact as to whether any harassing conduct was sufficiently severe or frequent to alter the conditions of her employment. *See Manatt v. Bank of Am., NA*, 339 F.3d 792, 798 (9th Cir. 2003) (stating prima facie requirements for hostile work environment claim under Title VII); *Brooks v. City of San Mateo*, 229 F.3d 917, 924 (9th Cir. 2000) (explaining that isolated comments are rarely sufficient to support a hostile work environment claim).

The district court properly granted summary judgment on Nguyen's retaliation claim because Nguyen failed to raise a genuine issue of material fact as to whether she engaged in any protected activity sufficient to support a claim of retaliation. *See Brooks*, 229 F.3d at 928 (providing framework for a retaliation claim under Title VII).

Because Nguyen failed to cite any evidence in the record in her response to defendant's motion for summary judgment, the district court reasonably considered evidence in the record that it could locate and treated facts as undisputed for purposes of summary judgment where it could not locate evidence in the record. *See Heinemann v. Satterberg*, 731 F.3d 914, 916-17 (9th Cir. 2013) (concluding that the district court may properly treat facts as undisputed for purposes of summary judgment when the non-moving party fails to properly support an

assertion of fact); *Gordon v. Virtumondo, Inc.*, 575 F.3d 1040, 1058 (9th Cir. 2009) (explaining that the district court is not required to review the record for supporting evidence not cited by the non-moving party).

The district court did not abuse its discretion in granting defendant's motion to strike Nguyen's "errata" brief because the brief was filed late, failed to comply with local rules regarding length, and would prejudice the defendant. *See Hambleton Bros. Lumber Co. v. Balkin Enters., Inc.*, 397 F.3d 1217, 1224 n.4 (9th Cir. 2005) (setting forth standard of review); *Leong v. Potter*, 347 F.3d 1117, 1125 (9th Cir. 2003) (affirming the district court's decision to strike a supplemental brief that was filed late and without leave from the court).

The district court did not abuse its discretion in denying Nguyen's motion for an extension of time to file the Calderon declaration because it was submitted after defendant's response to Nguyen's opposition to summary judgment and would substantially prejudice the defendant. *See Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1258 (9th Cir. 2010) (setting forth standard of review).

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**