NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

AUG 25 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DAMIAN RAFFELE,

           Plaintiff-Appellant,

  v.

VCA, INC.,

           Defendant-Appellee.

No.    22-55502

D.C. No. 8:18-cv-01727-MAA

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
The Honorable Maria A. Audero, Magistrate Judge, Presiding

Submitted August 18, 2023[**]
Pasadena, California

Before:  TASHIMA, CHRISTEN, and SUNG, Circuit Judges.

Plaintiff-Appellant Damian Raffele ("Raffele") appeals from a jury verdict

finding that his former employer, Veterinary Centers of America, Inc. ("VCA"),

(1) did not fail to accommodate his disability and (2) did not discriminate against

him. Raffele also appeals from the district court's order striking his Rule 59

---

      [*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

      [**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Motion for a New Trial because of his failure to comply with Central District of California Local Rule 7-3, which requires a conference with opposing counsel at least seven days before the filing of such a motion. We review the jury verdict for substantial evidence, *Dunlap v. Liberty Nat. Prods., Inc.*, 878 F.3d 794, 797 (9th Cir. 2017), and we review the district court's application of its local rules for abuse of discretion.[1] *Miranda v. S. Pac. Transp. Co.*, 710 F.2d 516, 521 (9th Cir. 1983). For the reasons described below, we affirm both the jury verdict and the district court's order.

    1. Substantial evidence supports the jury's verdict that VCA did not fail to accommodate Raffele when it refused to allow Raffele to work from home full time. Substantial evidence review is deferential: We must affirm a verdict if there is "evidence that is adequate to support the jury's findings, even if contrary findings are also possible." *Dunlap*, 878 F.3d at 797.

    Raffele argues that the jury's verdict that VCA did not fail to accommodate his disability is inconsistent with the jury's finding that Raffele could perform his essential job functions with a reasonable accommodation. We disagree for two reasons. First, under the California Fair Employment and Housing Act, Raffele is not entitled to any specific accommodation; VCA's only obligation is to offer a

---

[1] We review de novo whether a district court's local rule conflicts with a federal rule. *Heinemann v. Satterberg*, 731 F.3d 914, 916 (9th Cir. 2013).

reasonable accommodation. *See Raine v. City of Burbank*, 135 Cal. App. 4th 1215, 1222 (2006). An accommodation is reasonable if it allows an employee to "perform the essential functions of the job the employee holds." Cal. Code Regs. tit. 2, § 11065(p)(1)(B). The jury heard evidence that Raffele would not be able to perform his essential job functions while working from home full time. Therefore, the jury could have concluded that Raffele's requested accommodation—working from home—was not reasonable, but that other accommodations, such as those offered by VCA, *would* enable Raffele to perform his essential job functions.

Second, an employer is not required to grant an accommodation if an employee provides insufficient documentation to show the need for it. Documentation can be insufficient if "the health care provider does not have the expertise to confirm the applicant's or employee's disability or need for reasonable accommodation, or other objective factors indicate that the information provided is not credible or is fraudulent." *Id.* § 11069(d)(5)(C). In such cases, "the employer may require an employee to go to an appropriate health care provider of the employer's or other covered entity's choice." *Id.* The jury heard evidence that VCA did not find Raffele's medical certification credible, that VCA requested Raffele undergo a medical evaluation by a VCA-selected physician, and that Raffele never underwent that evaluation. Accordingly, the jury could have found that VCA did not fail to accommodate Raffele because there was no valid medical

3

certification establishing that Raffele required accommodation.

2. Substantial evidence supports the jury verdict that VCA did not discriminate against Raffele when the employment relationship ended because VCA did not discharge him. Although Raffele argues that the fact of his discharge is "undisputed," the jury instructions did not define "discharge" and left to the jury the question of whether Raffele's separation was a discharge. The jury heard evidence that VCA terminated Raffele's position because it concluded he had abandoned his job. The jury was empowered to conclude that a separation due to abandonment does not constitute a discharge.

3. The district court did not abuse its discretion in striking Raffele's Rule 59 motion. The district court applied the local rules as written and explained its reasons for doing so. *See United States v. Warren*, 601 F.2d 471, 474 (9th Cir. 1979) ("Only in rare cases will we question the exercise of discretion in connection with the application of local rules."). Further, Local Rule 7-3 does not conflict with Federal Rule of Civil Procedure 59 because it conditions, but does not eliminate, a party's right to file a motion for a new trial. *See Marshall v. Gates*, 44 F.3d 722, 725 (9th Cir. 1995). Finally, the district court's decision did not violate Federal Rule of Civil Procedure 83(a)(2). The district court did not strike Raffele's motion because of a requirement of form; instead, the court referenced Raffele's failure to include a statement of compliance under Local Rule 7-4 to conclude that Raffele

4

did not comply with the substantive conference requirement of Local Rule 7-3.

**AFFIRMED.**